David C. Wakefield, Esq.    Bar #: 185736
Law Offices of David C. Wakefield
10620 Treena Street, Suite 230
San Diego, CA 92131
Telephone:  619.241.7112; Facsimile:  619.342.7755
E-mail:     dcw@DMWakeLaw.com;  wakefieldlawassistant@gmail.com

Attorney for Plaintiff Gash

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROY DAVIS GASH,**<br><br>                **Plaintiff,**<br><br>         v.<br><br>**LA PALMA LLC; AND DOES 1 THROUGH 10, Inclusive**<br><br>                **Defendants.** | **Case No:**<br><br>**COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES**<br>**[US Fair Housing Act of 1988 [**42 **U.S.C. §§ 3600 et seq, §3604(c), §3604(f)(1-3), et seq.; CA Government Code 12925, 12927, 12955; CA Civil Code §§ 51, 52, 54.3**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.      Plaintiff Gash makes the following allegations in this civil rights action:

### JURISDICTION AND VENUE

2.      The federal jurisdiction of this action is based on the 42 U.S.C. §§ 3601, 3604 et. seq. - the U.S. Fair Housing Act Amendments of 1988 (Defendants' apartment property consist of four (4) or more residential units), and 42 U.S.C. § 12101 et. seq., the federal Americans With Disabilities Act.  Venue is proper in this United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b),

COMPLAINT
CASE #

because a substantial part of Plaintiff's claims arose within said Judicial District.

## SUPPLEMENTAL JURISDICTION

3.    This United States District Court for the Central District of California has supplemental jurisdiction over the California state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  Supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff Gash was denied full and equal access to Defendants' rental housing services and/or goods in violation of both federal and state laws when he attempted to obtain and use, Defendants' rental services as described in further detail below. As a result, Plaintiff's California causes of actions, as stated herein, are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.    The term Plaintiff or Plaintiffs as used herein specifically include the individual Plaintiff Roy Davis Gash (hereinafter referred to as "Gash" or the "Named Individual Plaintiff".

5.    Plaintiff is informed, believes, and thereon alleges that the named Defendants LA PALMA LLC are the owners or operators of the apartment rental business known as Summerhill Village Apts located at 2201 E La Palma Ave, Anaheim, CA 92806 to 2227 E La Palma Ave, Anaheim, CA 92806.  Plaintiff Gash is informed, believes, and thereon alleges that Defendants LA PALMA LLC are the owners, operators, and/or lessors of the real property located at 2201 E La Palma Ave,

2

Anaheim, CA 92806 to 2227 E La Palma Ave, Anaheim, CA 92806  (hereinafter referred to as the "Property").

6.      Defendants LA PALMA LLC are, and at all times mentioned herein was, a business or corporation or franchise, organized and existing and/or doing business under the laws of the State of California. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, and/or agents of the named Defendants. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.      Plaintiff is informed, believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein by each of the remaining Defendants.

## CONCISE SET OF FACTS

8.      Plaintiff Gash is a post-polio quadriplegic since he was an infant, uses a wheelchair for mobility, and is unable to walk any distance.  Plaintiff Gash also has limited mobility in his hands and upper body, and he has hearing disabilities. Plaintiff Gash has actual knowledge of the overt and obvious communication and physical barriers at Defendants' Property with respect to Defendant's non-accessible rental services from visits to the Property and is not able to access Defendant's rental services.  Plaintiff Gash determined that the open and obvious physical barriers that exist at Defendants' Property are directly related to his disabilities, and that it was

3

COMPLAINT
CASE #

impossible or extremely difficult for him to physically access Defendants' on-site rental services.  See ¶¶ 22.   Plaintiff Gash had actual knowledge and determined that it would be futile gesture for him to return again to the Property on the date that he had intended.  Plaintiff Gash was deterred by his actual knowledge of the physical and communication barriers that exist at Defendants' Property and also on Defendant's internet website.  Plaintiff Gash also experienced access problems with Defendants' rental services located on Defendants' website that relate to Plaintiff Gash's disabilities.

9.      Most recently in July, 2020, and previously in February 2019, and again in April 2019, Plaintiff Gash attempted to use Defendants' website to access Defendants' online rental services, but had great difficulty due to Defendants' failure to provide auxiliary aids.  Plaintiff Gash could not determine from Defendants' website content whether Defendants' rental office and common areas at the Property were physically accessible to him.  Plaintiff Gash personally reviewed all the information and photographs of Defendants' property.  As a result, Plaintiff had actual knowledge of the overt and obvious physical and communication barriers at Defendants' Property and websites.  Plaintiff Gash determined that the open and obvious physical barriers that exist at Defendants' Property are directly related to his disabilities, and that it would be impossible or extremely difficult for him to physically access Defendants' on-site rental services.  See ¶¶ 22.  Plaintiff Gash had actual knowledge and determined that it would be futile gesture for him to return to Defendants' Property on the date that he had intended.  Plaintiff Gash was deterred by his actual knowledge of the physical and communication barriers that exist at Defendants' Property and website.

4

COMPLAINT
CASE #

10.     Plaintiff Gash is informed, believes and thereon alleges that Defendants control, operate, and/or maintain a website at www.apartmenthomeliving.com, www.rent.com, www.forrent.com, and other websites where Defendants offer its rental services.  Additionally, Defendants have a physical office location at the Property and elsewhere where they also offer their rental services.  Plaintiff alleges that Defendants' websites have a close nexus to Defendants' on-site rental services because the websites refer to Defendants' rental services that are offered at Defendants' actual physical rental office. Therefore, Plaintiff allege that Defendants' websites are also places of public accommodation.  Defendants control the websites to the extent that Defendants can change the website content to make modifications to comply with the FHA and ADA. Therefore, Plaintiff alleges that Defendants can modify the content of Defendants' websites to improve access for Plaintiff and people with disabilities.

11.     In this case, Plaintiff Gash alleges that the Defendants discriminated against the Plaintiff and failed to provide or publish as an auxiliary aid, a text messaging system or TTY number, or another alternate text messaging system for Plaintiff and other people with hearing, speech, or vision disabilities to access its rental services. Plaintiff Gash has hearing and vision disabilities. Moreover, Plaintiff Gash alleges that Defendants did not modify their websites to eliminate non-readable text to allow persons with vision disabilities to use the screen reader software to access the information on the website and they also failed to use large print on their websites. Plaintiff Gash asserts that most popular screen reader programs are called Jobs Access With Speech or "JAWS" and Apple's VoiceOver Software.  Defendants actions discriminate against Plaintiff Gash because Plaintiff cannot use the websites controlled by the Defendants to gain access to Defendants' rental services provided therein.  Plaintiff Gash alleges that proposed modifications to Defendants' websites

COMPLAINT
CASE #

will not fundamentally alter the rental services provided and will also not cause an undue burden to Defendants, because the cost is less than One Thousand Dollars.

12.    In April 2019, Plaintiff Gash mailed a written request letter to the Defendants for a reasonable accommodation to provide access to Defendants' rental services at the Property and on Defendants' websites.  Plaintiff Gash also requested access to Defendants text messaging or TTY telephone number.   Defendants failed to respond to Plaintiff Gash's requests for reasonable accommodation.  Plaintiff Gash made a written request to Defendants' for an accommodation to have equal access to Defendants' rental services and to eliminate the communication and physical barriers to Defendants' rental services, both online and at the property.   The discriminatory barriers to access currently preclude Plaintiff Gash's access to Defendants' rental services.  Plaintiff Gash intends to return to Defendants' website and physical rental office location at the Property, including but not limited to at the time of the conclusion of this case, to obtain rental information and verify that the communication and physical barriers to Defendants' rental services are removed.

13.    Plaintiff Gash is not able to access Defendants rental services, both at its online website and at the onsite physical office, due to existing overt and obvious communication and physical barriers to access Defendants' rental services.  Due to the overt and obvious physical barriers as alleged herein below, which are required to be removed, Plaintiff requested that Defendants accommodate them to provide access to Defendants' rental services.

14.    Plaintiff Gash alleges that an accommodation is also obvious when a whole group of the protected persons requires it. For example, when the public without disabilities are required to get up to a second level, the public would be very disturbed if they were required to request steps to go up to second level. When the

6

accommodation is specific to a particular person with a disability, then that person may be required to make a request, because the accommodation is not obvious.

15.     Plaintiff Gash alleges that he is not required to make a request for reasonable accommodation for auxiliary aids when the barriers to communication are overt and obvious. However, in the present case, Plaintiff Gash did make such requests for accommodation to eliminate overt and obvious barriers to its rental services communications. Plaintiff Gash alleges that providing effective contact information for Defendants' rental services on the internet is an obvious accommodation. The general public does not need to request a contact number from the Defendant apartment owner or operator when they desire to rent a place. Defendants provide such a contact number on their website. Therefore, Plaintiff alleges that Defendants are required to provide the obvious accommodation of effective communication for people that are deaf or with speech impediment on their website without a request. Defendants must make their rental services accessible without the need for a prior request. Furthermore, Defendants have a duty to remove architectural barriers and communication barriers to their rental services without request. However, in the present case, Plaintiff Gash did make such requests for accommodation to eliminate overt and obvious barriers to its rental services communications.

16.   Plaintiff Gash alleges that there is disparate treatment on Defendants' internet website related to the amenities being offered to people without disabilities and people with disabilities. All the below facts and the facts stated elsewhere herein have a disparate impact on Plaintiff Gash and the disability community.   Plaintiff Gash experienced and has actual knowledge of the below facts that the Plaintiff Gash ascertained from Defendants' websites.   All the facts stated herein have a disparate impact on the disability community.

17.     On Defendants' websites, they allow the public without hearing and speech

COMPLAINT
CASE #

speech disabilities to participate by providing them with a telephone number to call regarding their rental services. However, Plaintiff Gash who has hearing and vision disabilities is denied equal access to participate because the Defendants do not have any effective communication.

18.     Defendants provide websites for people without disabilities to benefit from the rental services without going to the apartments to learn about the properties. However, for people with disabilities that require the access to the facility, the Defendants do not provide any information on the websites regarding whether the rental office is accessible. Moreover, the Defendants provide the telephone number for the public to call to inquire about the rental services without providing any effective alternative communications for Plaintiff and other people that are deaf or have speech impairments.

19.     For people without disabilities, the Defendants provide all of the information on their websites. For Plaintiffs with disabilities, Defendants require them to travel to the Property to determine if it is accessible, then require them to request the effective communication, and then thereafter to request a reasonable accommodation to the overt and obvious communication barrier. Therefore, Defendants require Plaintiff Gash and other people with disabilities to suffer a separate lesser benefit.

20.     Additionally, Plaintiff Gash is alleging photograph discrimination related to the physical access of each of the apartments to this complaint. The purpose of Defendants' internet photographs is to entice perspective renters to apply online or to contact the Defendants to rent a place. Defendants' internet photographs only entice people without mobility disabilities. Defendants' internet photographs exclude any photographs of any accessible features that would aid Plaintiff Gash. For example, there is no photograph of accessible parking. There are no photographs of the accessible route to the rental office. There are no photographs related to the access to

8

get into and use the rental or manager's office. There are no photographs related to the accessible route of the common area. There are no photographs of the accessible units. In fact, all the photographs lead a person with a mobility disability to believe that the apartments are not accessible, or that they must have someone else go to the properties to make sure it meets their needs. However, in contrast, people without disabilities are not required to go to the Property to determine that it meets their needs.

21.     Defendants websites and Defendants' rental services are not integrated for Plaintiff and other people with disabilities as required.  Plaintiff is required to request an accommodation.  People without disabilities can access the websites and the rental services without any problem, but Plaintiff and other people with disabilities are required to request for separate rental services. People with mobility conditions are not integrated when using the websites because they must go to the apartments to determine if they are accessible, but people without disabilities need only access Defendants' websites to determine they can use them. Plaintiff and other persons with vision disabilities must request help to read the website information because the printed information is too small, but people without disabilities can access the websites without asking for help. Plaintiff and other people with hearing disabilities must ask for help calling the number on the websites, because Defendants fail to provide or publish a texting number or a TTY number to contact.  Defendants discriminated against the Plaintiff.

22.     Plaintiff Gash has actual knowledge of Defendants' overt and obvious communication and physical barriers to Defendants' rental services, that relate to his disabilities, from visits to Defendants' on-site Property office most recently in July, 2020, and previously in February, 2019, and April, 2019.  Thereafter, again in July, 2020, Plaintiff Gash intended to return to Defendant's office at the property, but

COMPLAINT
CASE #

Plaintiff Gash was deterred by his actual knowledge of the communication and physical barriers to Defendant's rental services at the office located on the Property. Defendants provide rental information, rental applications, and other rental services at the on-site rental office. Defendants' agents confirmed to Plaintiff that rental information, rental applications, and other rental services were available at the on-site office. Defendants' rental services and rental office at the property are not accessible. Defendants' path of travel from the sidewalk to the office is not accessible since it has step changes in level along the path, and the path is too narrow in places. Defendants office entrance threshold is not accessible since it has a step change in level that is not beveled or ramped as required. Additionally, Defendant's office entrance landing is not of sufficient dimensions as required and the office entrance door fails to provide sufficient strike side clearance. Plaintiff Gash uses a wheelchair for mobility and these step changes in level along the path and at the office entrance door cause the office rental services to be not accessible. Defendants failed to provide any directional signage indicating an alternate accessible path of travel to an accessible office entrance to access their rental services. Defendants provide regular future tenant parking spaces, but provide no disable parking. Defendants also failed to provide any of the required compliant disabled parking for the office. Defendants failed to provide a dimensionally compliant van accessible disabled parking space and disable parking access aisle located on the proper side of the vehicle space, and failed to provide the required disabled parking signage and ground markings, including tow away and disabled parking fine signage. Plaintiff Gash requires the use of a compliant van accessible disabled parking space to safely exit and re-enter the vehicle. Defendants' failure to provide the required compliant disabled parking, disabled parking access aisle, disabled parking disability signage, access aisle, and disability ground markings, caused Plaintiff Gash to not be able to safely park at Defendants' establishment, since Plaintiff may be precluded from

10

exiting or re-entering the vehicle if the disabled parking and disabled parking signage is not present and others park improperly.  Additionally, Defendants failed to provide the required accessible path of travel from the parking area to the office since the existing path of travel contains a non-compliant curb ramp that is too steep and too narrow in width, and is improperly located such that parked cars block access to the curb cut.     Additionally, Defendants overt and obvious communication barriers were also present at the office most recently in July, 2020 and previously in February, 2019, and April, 2019. Defendants failed to provide any method of text communication with their rental services and failed to publish any information as to how to initiate text communication contact.  Plaintiff Gash had actual knowledge of these barriers at Defendants' Property from his visit, and Plaintiff Gash was also subsequently deterred from accessing Defendants' rental services again at the Property in July, 2020.  See also Property photographs in Exhibit A.

23.     Plaintiff Gash desires to make sure that Defendants' rental services at Defendants' physical office location and Defendants' websites are fully accessible to Plaintiff Gash, and other people with disabilities. Plaintiff Gash has actual knowledge of Defendant's discriminatory conditions, and he is currently deterred from attempting further access until the barriers to access are removed.  Plaintiff Gash intends to return to Defendants' Property and Defendants' websites, including but not limited to, at the time of the conclusion of this case to obtain rental services, and to verify that the communication and architectural barriers are removed. Plaintiff Gash has actual knowledge of the discriminatory conditions as alleged herein.  Therefore, Plaintiff Gash was and currently is deterred from visiting the Property.  Plaintiff Gash is not required to actually experience the access problems.  See *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017).  However, Plaintiff Gash did visit and attempt to access Defendants' rental services at Defendants' physical office at the Property and

COMPLAINT
CASE #

on Defendant's website.   Plaintiff Gash has specific plans to return to Defendants' Property and website, including but not limited to, at the time of the conclusion of this case, to obtain rental information and to verify the Defendants ceased its discriminatory conduct by removing communication and physical barriers to access to Defendants' rental services.

**FIRST CAUSE OF ACTION :   DISCRIMINATORY PRACTICES IN HOUSING ACCOMMODATIONS – FAIR HOUSING ACT CLAIMS**

24.    FHA Standing:

Based on the facts plead at ¶¶ 8 - 23 above and elsewhere herein this complaint, Defendants discriminated against Plaintiff Gash in violation of FHA sections § 3604(f)(1- 3) and 42 § 3604(c), as further detailed below. As a result, the present named Plaintiff Gash suffered injury as a result of Defendants discriminatory actions and Gash suffered damages.  Plaintiff Gash now prays for damages, injunctive relief, declaratory relief, and other relief as hereinafter stated.  The Federal Fair Housing Act applies to Defendants' apartment complex since it has more than 4 residential units.  FHA standing is substantially broader than standing under the ADA due to the critically important need of adequate availability of housing for the disabled.   A potential plaintiff is not even required to have an interest in renting a particular property or dwelling to have standing.  *Smith v. Pacific Properties and Development Corp*, 358 F.3d 1097, 1099 (9th Cir 2004) [Testers have standing to bring Fair Housing Act claims, *Id* at 1099, 1104]. Under the Act, any person harmed by discrimination, whether or not the target of the discrimination, can sue to recover for his or her own injury. *See Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 212, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972). "This is true, for example, even where no housing has actually been denied to persons protected under the Act." *San Pedro Hotel v City of Los Angeles,* 159 F.3d 470, 474-475 (9th Cir 1998).  In the present

12

COMPLAINT
CASE #

case, Plaintiff Gash alleged that he suffered the injury of discriminatory conduct by Defendants, and that Plaintiff Gash suffered monetary and other damages as a result. The named Plaintiff Gash seeks injunctive relief as well as damages, both of which are available under 42 USC § 3613(c).  Assuming *arguendo* in the present case, that prospective injunctive relief was not available to Plaintiff Gash due to mootness or otherwise, which Plaintiff Gash disputes; the named Plaintiff Gash is still permitted to recover damages under his federal FHA claims.  *Harris v Itzakhi*, 183 F.3d 1043, 1050 (9th Cir 1999) [During the appeal in *Harris* case, the plaintiff therein moved Three Thousand (3000) miles away and her injunctive claims became moot. However, Plaintiff's claim for damages survived and was not affected].  In the present case, while Plaintiff Gash can satisfy the injunctive relief prudential standing requirements, the above Ninth Circuit *Harris* court authority makes it clear that those prudential standing requirements for injunctive relief are not applicable to Plaintiff Gash's FHA damage claims.  Hence, in the present case, Plaintiff Gash's FHA damage claims survive even if prospective injunctive relief is not available.  Plaintiff Gash has standing with respect to the following FHA claims.

CLAIM I:  Discrimination In Violation of 42 § 3604(f)(1) - Failure To Have A Policy For Receiving Prospective Tenant Accommodation Requests, Failure To Train Staff, And Failure To Make The Policy Known To Plaintiff

25.    Based on the facts plead at ¶¶ 8 - 23 above and elsewhere herein this complaint, the named Plaintiff Gash suffered discrimination by Defendants in violation of this FHA section.  This FHA statute states it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or… §3604(f)(1) [emphasis added].  See *Texas Dept. of Housing and*

13

*Community Affairs v Inclusive Communities Project*, 135 S.Ct. 2507, 2519 (2015) [FHA statutory scheme permits disparate impact claims, and those type of claims do not require intent].  Due to Defendants' communication and architectural barriers, Defendants discriminated against Plaintiffs by failing to have a policy, practice, or method for Plaintiffs to make a reasonable accommodation request for equal access to their rental services on their website or at their on-site office at the Property. Defendants have an affirmative duty to have a policy, process to receive such accommodation requests and to respond to said requests. See *Giebeler v. M & B Associates*, 343 F.3d 1143 (9th Cir. 2003).  As a result, Defendant caused Plaintiffs to suffer disparate impact discrimination.

CLAIM II: <u>Failure to Engage in Interactive Process In Violation Of The Fair Housing Act And California Fair Employment And Housing Act</u>

26.     Based on the facts plead at ¶¶ 8 - 23 above and elsewhere herein this complaint, Plaintiff Gash suffered discrimination by Defendants in violation of FHA section <u>§ 3604(f)(1) and § 3604(f)(2)</u>.  Plaintiff Gash contends that Defendant failed to engage in a good-faith interactive process to determine and to implement effective reasonable accommodations so that Plaintiff could gain equal access Defendants' rental services, to apply for a lease, or to allow Plaintiff to access Defendants' physical rental office and apartments.

CLAIM III:  <u>Discrimination In Violation of 42 § 3604(f)(2)</u>

27.     Based on the facts plead at ¶¶ 8 - 23 above and elsewhere herein this complaint, the named Plaintiff Gash suffered discrimination by Defendants in violation of this FHA section § 3604(f)(2).  This FHA section states "it shall be unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling".   Plaintiff Gash's more specific factual basis for this claim is set

COMPLAINT
CASE #

forth above at ¶¶9-23 above.  As previously stated, the named Plaintiff Gash was a prospective renter.  See ¶¶8 – 23 above.  In the instant case, Defendant's office located on the Property is a "facility" in connection with the rental of a dwelling and the on-site rental services provided within the office fall within the FHA statute.  In the instant case, the named Plaintiff Gash asserts that Defendant's failure to remove communication and architectural barriers to permit access to Defendant's on-site rental services contained within the office is a separate, independent, actionable violation of this FHA section § 3604(f)(2), even without reference to the ADA as a predicate.  Plaintiffs have alleged that Defendants' Property has overt and obvious physical barriers to access its rental services provided in its on-site office.  See ¶¶22 - 28.  The 9th Circuit *Smith* court stated that the mere observation of overt architectural barriers is actionable.  *Smith* at 1104 ["To read an additional standing requirement into the statute beyond mere observation, however, ignores that many overtly discriminatory conditions, for example, lack of a ramped entryway, prohibit a disabled individual from forming the requisite intent or actual interest in renting or buying *for the very reason* that architectural barriers prevent them from viewing the whole property in the first instance" (emphasis in original)].  The *Smith* court found Defendants liable under this FHA subsection even though that case did not involve ADA Title III claims.  Plaintiff Gash has actual knowledge of Defendants' communication and architectural barriers from visits to the Property, and Plaintiff Gash was deterred from obtaining equal access to Defendant's office facility and its rental services located therein.  Defendants also discriminated against Plaintiff Gash by failing to modify its practices and policies to provide access via other methods of access to its rental services contained within the rental office.   Defendant's failure to remove the architectural and communication barriers to access its facilities and the rental services located therein, or to provide an accommodation to provide methods of alternate access to the office facility, providing rental services constitutes the

15

prohibited discrimination, separately and independently.  Additionally, Defendant's conduct is also prohibited under ADA Title III and constitutes a second, separate, independent source of discrimination against Plaintiffs in violation of FHA § 3604(f)(2).  See Plaintiff Gash's ADA claims below.  Since Defendants discriminatory conduct involves Defendants' rental facilities and its rental services located therein, Plaintiffs assert any discriminatory conduct found in violation of ADA Title III also constitutes prohibited "discrimination" under FHA § 3604(f)(2).

CLAIM IV:  Discrimination In Violation of 42 § 3604(f)(3)(A and B only)

29.    Plaintiff Gash does not make any claim against Defendants for a failure to "design and construct" pursuant to § 3604(f)(3)(C).  However, based on the facts plead at ¶¶ 8 - 23 above and elsewhere herein this complaint, Plaintiff Gash suffered discrimination by Defendants in violation of FHA sections § 3604(f)(3)(A, B) only. The FHA requires that "….[f]or the purposes of this subsection, discrimination includes-- (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling…" 42 § 3604(f)(3)(B). See also *Giebeler v. M & B Associates*, 343 F.3d 1143 (9th Cir 2003). Defendants improperly refused Plaintiffs' repeated written and other requests for an accommodation to have equal access to its rental services.

SECOND CAUSE OF ACTION : **Violation of California Fair Housing Act**

30.    Failure to Provide Obvious Reasonable Accommodation and Modification: Based on information, belief and the facts stated above at ¶¶ 8 – 23 above and elsewhere in this complaint, Plaintiffs allege that Defendants refused to make reasonable accommodations in rules, policies, practices, or services in violation of CA Government Code sections 12927 and 12955.2, when these accommodations

16

COMPLAINT
CASE #

may be necessary to afford a disabled person equal opportunity to use and enjoy Defendants' rental services.  As stated in detail above, Defendants refused to make reasonable accommodations with the instant Plaintiffs and discriminated against each of them on the basis of disability.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

31.     ADA Standing: Disparate Treatment, Deterrent Effect Doctrine, Tester

ADA Title III <u>does</u> cover public and common use areas at housing developments when these public areas are, by their nature, open to the general public.  An office providing rental services is open to the general public. (See U.S. Department of Justice - ADA Title III Technical Assistance Section III-1.2000, Illustration 3, rental office covered).  The parking and paths of travel to the rental office are also covered.  *See* Section III–1.2000, ADA Title III Technical Assistance Manual, http://www.ada.gov/taman3.html ("ILLUSTRATION 3: A private residential apartment complex contains a rental office. The rental office is a place of public accommodation").  See *Kalani v Castle Village, LLC,* 14 F.Supp.3d 1359, 1371 *(E.D.Cal, 2014)[* citing *Johnson v. Laura Dawn Apartments, LLC, 2012* WL 33040 at *1 n. 1 (E.D.Cal.2012) (Hollows, M.J.) ("[t]he leasing office of an apartment is a place of public accommodation.] .  In the present case, the named Plaintiff Gash has sufficiently alleged that Defendants have an office at the Property that provides rental services.  Following prior sister Circuit Courts of Appeals decisions, our Ninth Circuit Court very recently held that an ADA Plaintiff can be a "tester" and have standing. See *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) [the Ninth Circuit *CREEC* court held (1) ADA "tester" standing is valid and a Plaintiff's motivation for visit is "irrelevant", and (2) an ADA "deterrent effect doctrine" claim does not

17

require a Plaintiff to have a personal encounter with the barrier to equal access, only to have knowledge of the barrier] citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372–74, 102 S.Ct. 1114 (1982); *Smith v. Pacific Properties and Development Corp*, 358 F.3d 1097, 1102-1104 (9th Cir 2004); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir 2011, en banc); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210–11 (10th Cir. 2014). In the present case, the named Plaintiff Gash has ADA standing. Plaintiff Gash has alleged that Defendants discriminated against Plaintiff in violation of ADA Title III statutes and regulations as detailed further in the ADA claims stated below. As a result, Plaintiff Gash was injured and suffered damages. However, Plaintiff Gash seeks only injunctive and declaratory relief pursuant to his ADA Claims against the Defendants.

CLAIM I: **<u>Auxiliary Aids – Failure To Effectively Communicate</u>**

32.    42 United States Code 12182(b)(2)(iii) states, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;..." Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff Gash is informed, believes, and thereon alleges that Defendants violated said provision. Plaintiff set forth the factual basis for his claim most specifically at ¶¶ 9 - 23 above. The ADA "applies to the services of a place of public accommodation, not services *in* a place of public accommodation. To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute."

18

the Blind v. Target Corp., 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (emphasis added) (citing *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) [holding that "whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services"]).   An ADA plaintiff may challenge a business' online offerings as well. So long as there is a "nexus"—that is, "some connection between the good or service complained of and an actual physical place"—a plaintiff may challenge the digital offerings of an otherwise physical business. *See Gorecki v. Hobby Lobby Stores, Inc*, 2017 WL 2957736, at *4 (C.D. Cal. June 15, 2017) [Case:  CV 17–1131–JFW (SKx)].  The ADA requires the Defendants to provide effective communication to the instant Plaintiff and to other people with disabilities.   In the present case, Plaintiff Gash experienced and has knowledge that Defendants failed to have a required procedure to provide effective communication. Plaintiffs allege that Defendants failed to train their staff on the way to use the auxiliary aids. Defendants did not provide any auxiliary aid and the Defendants did not provide any reasonable accommodation to the overt and obvious communication barriers, and failed to respond to Plaintiffs' requests for accommodation. Plaintiff Gash is not demanding that Defendants provide a specific reasonable accommodation or a specific auxiliary aid. The ADA law allows a Defendants to decide what auxiliary aid and reasonable accommodation will be provided, as long as they provide at least one reasonable accommodation.   In this case, however, Defendants failed to provide any reasonable accommodation for the overt and obvious communication barriers to equal access to their rental services, failed to provide any auxiliary aid, and failed to provide any effective communication. Plaintiff alleges that Defendants' websites provide a contact number for the general public, but Defendants failed to provide Plaintiff with the required effective communication using texting or other alternate means of

19

COMPLAINT
CASE #

communication for Plaintiffs and other people with a hearing disability or a speech condition. Defendants' conduct discriminates against Plaintiff Gash who has hearing disabilities.  Defendants are required to provide, on Defendants' websites, a method to effectively communicate with Plaintiff Gash who has hearing disabilities; and other people that are deaf or have speech disabilities.

CLAIM II: **Denial of Participation**

33.    42 United States Code 12182(b)(1)(A)(i) states, "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants violated said provision.  Plaintiff set forth the factual basis for this claim most specifically at ¶¶ 9-23 above.  Defendants discriminated against Plaintiff in violation of 42 United States Code 12182(b)(1)(A)(i) and 42 U.S.C. § 12188.

CLAIM III: **Participation in Unequal Benefit**

34.    Defendants provide unequal benefit for people with disabilities in violation of 42 United States Code 12182(b)(1)(A)(ii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff in violation of said provision. Plaintiff sets forth the factual basis for his claim most specifically at ¶¶ 9-23 above.

CLAIM IV: **Separate Benefit**

35.    Defendants' internet photographs discriminate against Plaintiff in violation of

COMPLAINT
CASE #

42 United States Code 12182(b)(2)(A)(iii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff in violation of said provision. Plaintiff set forth the factual basis for this claim most specifically at ¶¶ 9 - 23 above.

CLAIM V: **Integrated Settings**

36.     Defendants' rental services are not integrated for Plaintiff and people with disabilities in violation of 42 United States Code 12182(b)(1)(B) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff in violation of said provision. Plaintiff set forth the factual basis for this claim most specifically at ¶¶ 9 -23 above.

CLAIM VI: **Failure To Modify Practices, Policies And Procedures**

37.     Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to accommodate Plaintiff Gash, and/or others similarly situated, in utilizing Defendants' rental services, at its websites and its office at the Property, in violation of 42 United States Code 12182(b)(2)(A)(ii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff in violation of said provision. Plaintiff set forth the factual basis for this claim most specifically at ¶¶ 9 -23 above.

CLAIM VII: **Failure To Remove Architectural And Communication Barriers**

38.     Plaintiff alleges that Defendants failed to remove architectural barrier and communication barriers as required in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12182. Based on the facts plead at ¶¶ 8 - 23

21

above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against the Plaintiff Gash in violation of said provision. Plaintiff sets forth the factual basis for this claim most specifically at ¶¶ 9-23 above. Plaintiff Gash has actual knowledge of the physical and communication barriers that exist at Defendants' Property from visits to the Property and also after review of photographs and documents.  Plaintiff Gash determined that the physical barriers that exist at Defendants' property, directly relate to his disabilities, and make it impossible or extremely difficult for him to physically access Defendants' on-site rental services at the Property.  Plaintiff Gash is deterred from returning to the Property by his actual knowledge of the physical and communication barriers that exist at Defendants' Property which include, but are not limited to, the barriers to facilities for disabled parking, exterior path of travel to the office, the office entrance, and office interior.  Defendants' facilities were not accessible because they failed to comply with the Federal ADA Accessibility Guidelines ("ADAAG") and California's Title 24 Building Code Requirements. See ¶¶ 22 for details.  Plaintiff Gash had actual knowledge of these barriers and determined that it would be futile gesture for him to return to the Property on the date that he had originally intended. Plaintiff Gash is currently deterred from returning due to his knowledge of the barriers.  Plaintiff Gash intends to return to Defendants' physical rental office location, including but not limited to, at the time of the conclusion of this case to obtain rental information and verify that the communication and physical barriers to Defendants' rental services are removed.   Defendants failure to remove the barriers to equal access constitutes discrimination against Plaintiff Gash.

CLAIM VIII: **Failure To Make Alterations Readily Accessible And Usable**

39.     Defendants are required to make alterations to their facilities in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who

COMPLAINT
CASE #

use wheelchairs pursuant to 42 U.S.C. §12183(a)(2).  Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff Gash is informed, believes, and thereon alleges that Defendants violated this provision.  Based on information and belief, Plaintiff alleges that Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Plaintiff Gash alleges that Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

CLAIM IX: **Administrative Methods**

40.     Plaintiffs are informed, believe, and thereon allege that Defendants contract with website providers without making sure that the websites will be accessible to people with disabilities in violation of 42 United States Code 12182(b)(1)(B) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff Gash in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 9-23 above.

CLAIM X: **Screen Out**

41.     Plaintiff is informed, believes, and thereon alleges that Defendants screened out Plaintiff Gash and other people with disabilities in violation of 42 United States Code 12182(b)(2)(A)(i) and 42 U.S.C. § 12188.  Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff Gash is informed, believes, and thereon alleges that Defendants discriminated against Plaintiff in violation of said provision. Plaintiff sets forth the factual basis for this claim most specifically at ¶¶ 9 - 23 above.  Defendants screened out the named Plaintiff from its rental services and

23

processes, because Defendants failed to remove architectural and communication barriers to its website and physical office, failed to provide required effective alternate communication methods, and failed to provide required auxiliary aids.

CLAIM XI: **Denial Of Full And Equal Access**

42.    Defendants are required to provide full and equal access to Defendants' rental services, goods, facilities, privileges, advantages, or accommodations pursuant to 42 United States Code 12182(b) and 42 U.S.C. § 12188.  Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff Gash is informed, believes, and thereon alleges that Defendants discriminated against the Plaintiff in violation of said provision. Plaintiff sets forth the factual basis for this claim more specifically at ¶¶ 9 - 23 above.

CLAIM XII:  **Failure To Investigate And Maintain Accessible Features**

43.    Defendants made repairs and administrative changes which violated ADA and its regulations. See ADA Title III Regulations Sec.36.211 Maintenance of accessible features.  Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Defendants failed to provide and then maintain any accessible features in its parking, path of travel, rental office services and website rental services.  Plaintiff Gash alleges that Defendants discriminated against Plaintiff in violation of this provision.

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FOURTH CAUSE OF ACTION: ONLY THE INDIVIDUALL NAMED PLAINTIFF AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

44.    Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, the named Individual Plaintiff was denied full and equal access to Defendants' goods.

COMPLAINT
CASE #

services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54, 54.1, and specifically 54.1(d). The factual basis for this claim is at 18-28 above.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

45.    Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, the named Individual Plaintiff was denied full and equal access to Defendants' goods. Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff Members and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  The factual basis for this claim is at ¶¶8-23 above.

CLAIM III: **Violation Of The Unruh Act**

46.    Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, the individual, the named Individual Plaintiff was denied full and equal access to Defendants' goods. Defendants violated the CA Civil Code § 51 by specifically failing to comply with Civil Code §51(f).  Defendants' facility violated state disability laws, the ANSI Standards, A117, and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities. Defendants did and continue to discriminate against Plaintiff Members in violation of Civil Code §§ 51(f), and 52. The factual basis for this claim is at 8-23 above.

**Treble Damages Pursuant To California Accessibility Laws**

47.    Based on the facts plead at ¶¶ 8 - 23 above and elsewhere in this complaint, Plaintiff Gash prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a).  Defendants, each of them respectively, at times prior to and including the day the named Individual Plaintiff attempted patronized Defendants' facilities and rental services, and

25

continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff Gash.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to the individual Plaintiff in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities and rental services accessible pursuant to the ADAAG and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants in conscious disregard of the rights and/or safety of the Plaintiff Gash justify an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.    Plaintiff Gash seeks injunctive relief pursuant to 42 U.S.C. 3613(c) and 42 U.S.C. § 12188(a).  Additionally, Plaintiff seeks injunctive relief pursuant to CA Civil Code §52.  Pursuant to 42 U.S.C. 3613(c), Plaintiff requests this court to enjoin Defendants to cease their discriminatory practices in housing rental services, rental housing management services, and for Defendants to implement written policies and methods to respond to reasonable accommodation and reasonable modification requests.  Pursuant to 42 U.S.C. § 12188(a), Plaintiff requests this Court enjoin Defendants to remove all barriers to equal access to Plaintiff in, at, or on their facilities, including but not limited to architectural and communicative barriers in the provision of Defendants' rental services.  Plaintiff does not seek injunctive relief

26

pursuant to Cal. Civil Code §55 and Plaintiff does not seek attorneys' fees pursuant to Cal. Civil Code §55.  Plaintiff does not seek any relief at all pursuant to Cal. Civil Code §55.

B.      Plaintiff Gash seeks actual damages pursuant to 42 U.S.C. 3613(c).

C.      Plaintiff Gash also seeks recovery of actual damages pursuant to Cal. Civil Code §§ 52 or 54.3;

D.      Plaintiff Gash seeks $4,000 in minimum statutory damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, pursuant to Munson v. Del Taco, (June 2009) *46 Cal. 4th 661*;

E.      In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph D above, Plaintiff Gash seeks $1,000 in minimum statutory damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1;

F.      Plaintiff Gash seeks attorneys' fees pursuant to 42 U.S.C. 3613(c)(2), 42 U.S.C. § 12205, and Cal. Civil Code §§ 52, 54.3;

G.      Plaintiff Gash seeks treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

H.      Plaintiff Gash is seeking prospective injunctive relief to require the Defendants to provide obvious reasonable accommodations, to provide the required auxiliary aids and to modify Defendants' procedures, practices, and policies of the Defendants in the provision of Defendants' rental services. Without prospective relief, Plaintiff will suffer future harm.

///

///

///

///

///

///

27

COMPLAINT
CASE #

I.      Plaintiff Gash seeks a Jury Trial; and

J.      For such other further relief as the court deems proper.

Respectfully submitted:

LAW OFFICES OF DAVID C. WAKEFIELD

Dated: 07-24-2020

By:     /s/David C. Wakefield
        DAVID C. WAKEFIELD, ESQ.
        Attorney for Plaintiff Gash

28

COMPLAINT
CASE #